UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL KIRK LEGGETT,** | ) | **CASE NO.1:05CV642** |
| | ) | **(1:92CR35)** |
| Petitioner, | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA** | ) | **OPINION AND ORDER** |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Petitioner Michael Kirk Leggett's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. §2255. For the following reason, the Court transfers Petitioner's action to the Sixth Circuit Court of Appeals.

On July 28, 1992, Petitioner was found guilty by a jury of attempted bank robbery. On October 2, 1992, Petitioner was found guilty by a jury of assault on a federal officer. On November 16, 1992, Petitioner was sentenced to one hundred and fifteen months imprisonment relative to both counts followed by three years supervised release. Furthermore, Petitioner was found to have violated his supervised release conditions in a prior California felony case and received an additional twenty-four months incarceration to be served consecutively to the one hundred fifteen month term. On June 21, 1993, while awaiting a decision on his direct appeal, Petitioner filed a motion to vacate his sentence under 28 U.S.C. §2255. On July 28, 1993, the

1

district court denied the motion. On July 25, 1994, Petitioner filed a second motion to vacate his sentence under 28 U.S.C. §2255, alleging: (1) the district court erred in determining he was competent to stand trial; (2) the district court used an unconstitutional conviction to enhance his sentence; (3) the district court did not determine he knowingly and willingly waived his right to counsel: and (4) the government failed to disclose evidence favorable to him. This Motion was denied by the district court. On appeal, the Sixth Circuit upheld the district court's decision. On February 14, 1996, Petitioner filed a third Motion to Vacate pursuant to 28 U.S.C. §2255 which was dismissed by the district court. Again, the Sixth Circuit affirmed the district court's decision. On February 28, 2005, Petitioner filed this action, his fourth Motion to Vacate under 28 U.S.C. §2255.

Under 28 U.S.C. §2255, federal prisoners filing a second or successive petition must first file with the court of appeals a motion for an order authorizing the district court to consider the motion.

28 U.S.C. §2255 states in pertinent part:

"A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> **(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

When a petitioner files a successive petition under 28 U.S.C. §2255 with the district court, the district court must transfer the case to the appropriate court of appeals for a determination on whether the district court should consider the petition. "Thus, we hold that

when a prisoner has sought §2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or §2255 motion is filed in the district court without 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. §1631." *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997).

Therefore, as Petitioner has failed to obtain the requisite authorization from the Sixth Circuit Court of Appeals, this Court Orders the Petition transferred to the Sixth Circuit Court of Appeals for its consideration.

IT IS SO ORDERED.

October 26, 2006        s/Christopher A. Boyko
Date                    CHRISTOPHER A. BOYKO
                        United States District Judge